**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DWALIVES DEON CARTER**                                                              **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 3:12CV83-CWR-LRA**

**ERIC ZETTERHOLM**                                                                   **DEFENDANT**

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Defendant Eric Zetterholm filed a Motion to Dismiss [33] the Complaint filed by

Plaintiff Dwalives Deon Carter ["Carter" or "Plaintiff"], and the motion is before the

undersigned for Report and Recommendation.  The undersigned conducted an omnibus

hearing on January 16, 2014, and Carter gave sworn testimony  regarding his claims

against Zetterholm and the issues raised in the motion and in his Complaint.  The

undersigned has also considered the merits of his claims of under 28 U.S.C. § 1915.

Carter filed this complaint pursuant to 42 U.S.C. § 1983 on February 6, 2012,

while he was a pretrial detainee at the Hinds County Detention Center ("HDDC") in

Raymond.  He sued Defendant Zetterholm, an investigator with the Hinds County

Sheriff's Department, alleging that Zetterholm participated in a conspiracy against Carter,

engaged in false pretense and falsely imprisoned him, violating his Eighth and Fourteenth

Amendment rights.  According to Carter, Defendant interrogated him even after he asked

for an attorney and lied to the grand jury to get an indictment against him.   Plaintiff

charges that his indictment and his subsequent August 15, 2013, conviction of capital

murder were due to Zetterholm's actions.  He is in the process of appealing his criminal

conviction in the state courts.  He filed this case as a civil case under § 1983 prior to his conviction, requesting that the charges against him [in Hinds County] be dismissed and that he be paid $500 for each day he was jailed.

Carter admitted that he did not file an internal grievance with the Hinds County Sheriff's Department prior to filing the present lawsuit.  He asserts that his claims do not concern "prison conditions" and are not covered by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e);  he is not required to exhaust administrative remedies prior to filing suit.  Citing *Hemphill v. Inglese,* 359 Fed. Appx. 537, 539 (5th Cir. 2010), Zetterholm contends that he is entitled to dismissal with respect to all of Carter's claims against him on the basis that Carter failed to complete the administrative grievance procedure which was available to him prior to filing suit.

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to *prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." [emphasis added.]  The Act further provides that "... the term 'civil action with respect to prison conditions means any civil proceeding arising under Federal law with respect to the conditions of confinement <u>or</u> the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison...." *Id.*

2

In this case, the sole issue contained in Zetterholm's motion is whether the PLRA includes cases such as Carter's.  Defendant admits that Carter's claims against him do not relate to "conditions of confinement" such as the provision of food, distribution of sleeping mats or environmental concerns.  Yet, Zetterholm contends that the claims relate to the "effects of actions" by a governmental official on Carter while he was confined in Hinds County.

Defendant cites several United States Supreme Court cases in support of his request to dismiss, including *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Wells*, 519 U.S. 482 (1997);  *McCarthy v. Bronson*, 500 U.S. 136 (1991), and *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Plaintiff cites cases which he contends support his argument regarding exhaustion [*See* "Motion for Further Objection to Defendant's Motion to Dismiss, No. 49].

In the undersigned's opinion, it is unnecessary in this case to determine whether or not Plaintiff should have exhausted his administrative remedies.  This is because his Complaint should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny.   Carter's claim for monetary damages is barred by the United States Supreme Court's ruling in *Heck*.  The Court in *Heck* addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-487 (footnotes omitted). A judgment in favor of Carter in this action would necessarily imply the invalidity of his conviction or sentence.

As quoted from *Heck*, the Supreme Court held that no cause of action exists under § 1983 when judgment for a plaintiff would "necessarily imply" that his conviction or sentence was invalid, unless the conviction or sentence has already been invalidated. *Id*. To demonstrate that his conviction or sentence has already been invalidated, the plaintiff may show that it has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the issuance of a writ of habeas corpus. *Id*. In the absence of one of these events, there is no cause of action, even if the plaintiff has successfully exhausted his state remedies. *Id*. at 489.

When Plaintiff filed his Complaint, he had not yet been convicted. He was convicted in August 2013, and his conviction will be reviewed by the state courts. If this

Court entered a judgment finding that Zetterholm violated Carter's Sixth Amendment rights in interrogating him and providing false information to the grand jury, this holding would necessarily invalidate Carter's conviction.  His instant case must be dismissed due to his failure to state a claim upon which relief can be granted.

The claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate.  Considering the applicable law regarding these issues, the Court finds that the Plaintiff's claims in this case have no basis either in law or in fact and, therefore, are frivolous and fail to state a claim on which relief may be granted.

For these reasons, the undersigned recommends that Defendant's Motion to Dismiss [33] on the grounds of non-exhaustion be denied.   The Complaint should be dismissed on the basis that it fails to state a claim on which relief may be granted under 28 U.S.C. §1915.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to these recommendations within 14 days after service.  The parties are hereby notified that the failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

5

Respectfully submitted, this the 29th day of January 2014.



/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE